UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| Mindy F., | Case No. 1:25-cv-01807-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISISIONER SOCIAL SECURITY ADMINISTRATION, *et al.*, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Mindy F.[1] filed a complaint against Defendant Frank Bisignano, the Commissioner of the Social Security Administration, ECF No. 1. Before the Court is Plaintiff's application to proceed in forma pauperis ("IFP"), ECF No. 2. The Court grants Plaintiff's application to proceed IFP but finds that even under the liberal pleading standards afforded a self-represented plaintiff, Plaintiff fails to state a claim upon which relief may be granted. For the reasons stated below, this case is dismissed without prejudice.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family members.

**DISCUSSION**

I.     **IFP Application**

A review of Plaintiff's IFP application reveals Plaintiff is unable to afford the costs of this litigation. *See* ECF No. 2. The application is granted. Plaintiff's complaint, however, is deficient. This case is dismissed without prejudice accordingly.

II.    **Mandatory Screening**

A.     **Standards**

Congress established that when a complaint is filed in forma pauperis, even if the plaintiff filed a filing fee or portion thereof, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding in forma pauperis raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"); *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *l (E.D. Cal. Jan. 14, 2014) ("The Court is required to screen complaints brought by plaintiffs proceeding *pro se* and in forma pauperis.").

A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The term "frivolous," when used to describe a complaint, "embraces not only the inarguable

legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. A complaint

fails to state a claim when there is no cognizable legal theory or the factual allegations are

insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d

1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the

court must accept as true all well-pleaded material facts alleged in the complaint and draw all

reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136,

1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But

to be entitled to a presumption of truth, the complaint must do more than simply allege legal

conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The

plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient

allegations of underlying facts to give fair notice and to enable the opposing party to defend itself

effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual

allegations must "plausibly suggest an entitlement to relief." *Id.* "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

       Self-represented, or pro se plaintiffs receive special dispensation. A court must liberally

construe the filings of a pro se plaintiff and afford the plaintiff the benefit of any reasonable

doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "Unless it is absolutely clear that no

amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's

deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l*

*Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of*

*Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a pro se plaintiff must offer more

than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"
*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B.    Analysis**

Plaintiff seeks review of their Disability Insurance Benefits Claim under Title II of the Social Security Act and their Supplemental Security Income Claim under Title XVI of the Act. Plaintiff's claim is deficient because it fails to state a claim and because it fails to establish this Court's jurisdiction.

1.    Failure to State a Claim

Plaintiff's complaint only alleges that "[she] has been the victim of identity theft." Compl. 3. Plaintiff does not elaborate further on the allegation or allege any specific action by Defendant. As a result, the Court cannot conclude what Plaintiff's claim is or whether Defendant acted with any misconduct. Plaintiff therefore fails to state a claim.

2.    Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id.; United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (en banc). Congress has limited District Court review of claims under § 405(g) to those seeking review of "any final decision of the Commissioner of Social Security" brought within sixty days of notice of the decision. 42 U.S.C. § 405(g). Congress has similarly limited review of supplemental security claims. 42 U.S.C. § 1383(c)(3); *see also Smith v. Berryhill*, 587 U.S. 471, 474-75 (2019).

Plaintiff's complaint states that a final decision from the Commissioner of Social Security is "not applicable." Compl. 3. The Court therefore lacks jurisdiction over Plaintiff's claim.

### C.    Leave to Amend

Unless Plaintiff alleges a final decision of the Commissioner of Social Security, amending the complaint would be futile. *See Smith*, 587 U.S. at 475; *Heckler v. Ringler*, 466 U.S. 602, 617 (1984).  Still, because it is not absolutely clear that no amendment would cure the defects of the complaint, the Court must give Plaintiff an opportunity to amend the complaint. Plaintiff is accordingly granted leave to amend their complaint to allege specific facts and to establish this Court's jurisdiction.

### CONCLUSION

For the reasons above, Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 2) is GRANTED. Plaintiff's Complaint (ECF No. 1), however, is DISMISSED without prejudice. Any amended complaint is due within thirty days of this Opinion. The Clerk's Office will not issue summons until further Order of the Court.

DATED this 30th day of October 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge